

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

**NOs. PD–1678–11, PD–1679–11**

**JAMES ALLEN SULLIVAN, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
FROM THE ELEVENTH COURT OF APPEALS
BROWN COUNTY**

**MEYERS, J., filed a dissenting opinion.**

## DISSENTING OPINION

We granted Appellant's ground for review in this case, which asked, "Did the court of appeals correctly modify the judgment of the trial court by removing only the portion of special findings that improperly cumulated sentences?" The majority determines that the court of appeals did not correctly modify the judgment of the trial court because under the court of appeals's revised order, the sentence for the count involving the 17-year-old victim still runs consecutive to the sentences for the counts

involving one of the other victims. The majority then decides to reform the cumulation order, deleting the sentence for the count involving the 17-year-old victim and stacking the sentences of the two other victims. The majority says:

> We conclude here that only part of the trial judge's cumulation order is illegal—the inclusion of the sentence for the count involving A.S. in the sequence of stacked sentences. If we had any doubt about what the trial judge intended to do, we would remand these cases to him to reform the cumulation order. But it is clear from the oral pronouncement what his intent was. Therefore, in conformity with the trial judge's oral pronouncement and with the law, we reform the cumulation order to delete the sentence for the count involving A.S. from the sequence of stacked sentences and to stack the sentence for the counts involving N.P. upon the sentence for the count involving C.C.

Maj. Op. at *8.

As far as I can tell, we have no authority to reform the trial court's sequence of stacking, and we have not been asked to do so. I would hold that the court of appeals's modification of the trial court's judgment was incorrect and would remand the case to the trial court to permit the trial judge to correct the cumulation order. Therefore, I respectfully dissent.

Meyers, J.

Filed: January 9, 2013
Publish